**COMP**
**PARKER | SCHEER LAGOMARSINO**
ANDRE M. LAGOMARSINO, ESQ.
Nevada State Bar No. 6711
REBEKAH L. RINI, ESQ.
Nevada State Bar No. 10855
9555 South Eastern Avenue, Suite 210
Las Vegas, Nevada 89123
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHNSON, CHRISTOPHER, an individual, and CARRILLO, SAM, an individual,

   Plaintiffs,

vs.

HAKKASAN HOLDINGS LLC f/k/a LIGHT GROUP, LLC, a domestic limited-liability company; Individually; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,

   Defendants.

CASE NO.:_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs, CHRISTOPHER JOHNSON and SAM CARRILLO (together "Plaintiffs"), on behalf of others similarly situated, by and through their undersigned attorney, ANDRE M. LAGOMARSINO, ESQ., and REBEKAH L. RINI, ESQ., of Parker Scheer Lagomarsino, and for their causes of action against Defendants, hereby complain and allege as follows:

## NATURE OF ACTION

1.  This is a collective action and is brought pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for the recovery of unpaid wages, liquidated damages, and costs, including reasonable attorney's fees on behalf of all persons employed by Defendant Hakkasan Holdings LLC f/k/a Light Group, LLC, (hereinafter referred to as "Defendant LIGHT GROUP") in all tipped positions, such as, servers, bartenders, and bussers throughout the statutory period herein.

2.  Defendant LIGHT GROUP willfully and intentionally violated the FLSA by requiring tipped employees to participate in an invalid tip pool in violation of 29 C.F.R. § 531.54. 29 C.F.R. § 531.54 provides that an employer may not retain any tips or gratuities absent a mutually agreed upon pooling arrangement. Defendant LIGHT GROUP has, on more than one occasion, improperly withheld tips from Plaintiffs. Additionally, NRS § 608.160 prohibits an employer from applying all or part of a tip or gratuity as a credit toward the payment of the statutory minimum wage. Defendant LIGHT GROUP committed a taking pursuant to 29 C.F.R. § 531.52 by requiring the tipped employees to give the employer a portion of their tips based upon the gross sales of the patrons. Defendant LIGHT GROUP acted illegally pursuant to NRS § 608.100(2) by requiring the employee to rebate, refund, or return to the employer the employee's tips earned. *See* 29 C.F.R. § 531.52 (tips are property of the employee received by the employee).

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and the corresponding Nevada Revised Statutes (N.R.S.) § 608.100 and 608.160 *et. seq.* This Court has jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C § 1367(a), the doctrine of supplemental jurisdiction.

5.  Venue herein is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants conduct business in this District, and acts or omissions giving rise to the claims

herein alleged, took place in this District, and this Court has personal jurisdiction over the Defendant Light Group, LLC f/k/a Hakkasan Holdings LLC, a domestic limited-liability corporation.

### IDENTIFICATION OF THE PARTIES

6. At all times relevant herein, PLAINTIFF CHRISTOPHER JOHNSON (hereinafter referred to as "JOHNSON") was, and is, a resident of the Las Vegas, Nevada.

7. JOHNSON is currently employed by Hakkasan Holdings LLC f/k/a Light Group, LLC since November of 2008 as a busser.

8. JOHNSON was employed by Hakkasan Holdings LLC f/k/a Light Group, LLC for approximately one (1) year and seven (7) months when he took time off and was subsequently re-hired in November of 2011. Since then, he has been working for Hakkasan Holdings LLC f/k/a Light Group, LLC for approximately three (3) years and eight (8) months. Throughout his employment, Plaintiff has been loyal, competent, and made substantial contributions to Hakkasan Holdings LLC f/k/a Light Group, LLC.

9. JOHNSON is an employee within the meaning of the FLSA and NRS.

10. Plaintiff SAM CARRILLO (hereinafter referred to as "CARRILLO") was, and is, an individual and a resident of Las Vegas, Nevada.

11. CARRILLO has been employed by Hakkasan Holdings LLC f/k/a Light Group, LLC since February of 2012 as a busser.

12. CARRILLO has employed by Hakkasan Holdings LLC f/k/a Light Group, LLC for approximately three (3) years and four (4) months, CARRILLO has worked diligently and is a productive employee for the Defendant.

13. CARRILLO is an employee within the meaning of the FLSA and NRS.

14. At all relevant times herein mentioned, Defendant Hakkasan Holdings LLC f/k/a Light Group, LLC (hereinafter referred to as "LIGHT GROUP") was a domestic limited-liability company in the State of Nevada that now operates under Hakkasan Holdings LLC.

15. At all relevant times herein mentioned, Defendant LIGHT GROUP is and was a domestic limited liability company created and existing under and by virtue of the laws of the State of Nevada.

16. Defendant LIGHT GROUP is an employer within the meaning of the FLSA and the NRS.

17. Managers for Defendant LIGHT GROUP are employers within the meaning of the FLSA and the NRS as they are vested with authority from LIGHT GROUP to (1) hire and terminate employees; (2) supervise and control the employee work schedule and conditions of employment; (3) determine both the rate and method of employment, and; (4) maintain employment records.

## STATEMENT OF FACTS

18. Defendant LIGHT GROUP is in the business of owning, operating, and controlling a nightclub doing business as Light Nightclub. Light Nightclub is located within the Mandalay Bay Resort and Casino at 3930 Las Vegas Boulevard, So. Las Vegas, Nevada 89119.

19. Defendant LIGHT GROUP prepares and serves alcoholic beverages for patrons.

20. Defendant LIGHT GROUP has four (4) levels for service.

21. At all relevant times herein, the Defendant LIGHT GROUP has been an employer within the meaning of 29 U.S.C. § 203(d). Defendant LIGHT GROUP acted through its managers to hire, terminate, schedule, employ, and maintain employment records of the Plaintiffs.

22. John Pettie, Mike Hernandez, and Craig O'Keefe are managers for Defendant LIGHT GROUP.

23. Defendant LIGHT GROUP has vested their managers with the authority to hire and discipline employees.

24. Managers prepare the employees schedules and determine their rate of pay.

25. Managers maintained employee records, including writing up employees for disciplinary purposes.

26. Plaintiffs are tipped employees pursuant to 29 U.S.C. § 203(t) as their occupation is one that customarily receives more than $30 in tips each month.

27. Defendant LIGHT GROUP is not entitled to reduce the minimum wage pursuant to 29 U.S.C. § 203(m), as such reductions are prohibited by NRS § 608.160.

28. Defendant LIGHT GROUP knew or should have known that allowing managers to participate in the tip pool is a clear violation of 29 U.S.C. § 203(m) and NRS § 608.160.

29. Defendant LIGHT GROUP illegally retained tips from the Plaintiffs and the CLASS through conversion and misappropriation of the funds by the managers.

30. Defendant LIGHT GROUP required that the tips were based upon the gross sales receipts of the employee, regardless of whether the employee was tipped or not. Thus, LIGHT GROUP effectively took money out of the pockets of the employees.

31. At all relevant times herein, Defendant LIGHT GROUP was an employer within the meaning of the FLSA and NRS. Defendant LIGHT GROUP, and its managers, had the ability to hire and terminate employees, schedules the hours of employees, determine the rate of pay of the employees, and maintain records of the employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs bring their Claim for relief as a collective action, pursuant to FLSA Section 216(b), 29 U.S.C. § 216(b), against Defendant LIGHT GROUP for the maximum statutory period allowed by law.

33. At all relevant times, Defendant LIGHT GROUP utilized a management structure vesting employer authority with managers, such as John Pettie.

34. At all relevant times, Plaintiffs and the other CLASS members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to the Defendant LIGHT GROUP'S decision, policy, plan and common policies,

programs, practices, procedures, protocols, routines, and rules willfully requiring tipped employees to share their tips with their employer.

35. The claims of the Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs (hereinafter referred to as the "CLASS").

36. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b). The Plaintiffs are readily ascertainable from the records held by the Defendant LIGHT GROUP. Notice will be provided to the Plaintiffs via first class mail to the last address known to the Defendant Light Group, LLC and Hakkasan Holdings LLC.

## FEDERAL RULE OF CIVIL PROCEDURE 23

37. Plaintiffs bring their Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all tipped, hourly workers employed by Defendant LIGHT GROUP for the maximum statutory period allowed by law.

38. All said persons, including Plaintiffs, are hereinafter referred to as the "CLASS." The CLASS members are readily ascertainable from the records held by the Defendant LIGHT GROUP. Moreso, the number of the CLASS members is also determinable from the records held by the Defendant LIGHT GROUP. The exact dates of hire and termination or resignation, the hours assigned and worked, the positions held, and the exact rates of pay for each individual CLASS member are readily ascertainable from the records held by the Defendant LIGHT GROUP. The records held by Defendant LIGHT GROUP will be used for the purposes in relation to this action, to also include notice to potential Class members. Notice will be provided for by the means specified pursuant to F.R.C.P. 23.

39. The proposed CLASS is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will be of benefit to both the court and the CLASS. The court will benefit in that it will be more a efficient use of the judicial system saving both time and

court resources. Upon information and belief, there are more than twenty-five (25) members of the CLASS.

40. Plaintiffs' claims and relief sought are typical of those claims which could be alleged by any member of the CLASS. Because all CLASS members were subject to the same practices of the Defendant LIGHT GROUP, as alleged herein, for the illegal retention of tips and the requirement of employees paying out of pocket to retain their jobs. Plaintiffs and the other members of the CLASS sustained similar losses, injuries, and damages that arose from the unlawful practices, policies, and procedures used by Defendant LIGHT GROUP.

41. Plaintiffs are capable of fairly and adequately protecting the interests of the CLASS. The Plaintiffs have no adverse interest to the CLASS and are represented by an experienced and competent attorney in both collective action litigation and employment litigation, successfully representing other plaintiffs in other employment cases.

42. In the context of the illegal retention of tips, a class action is superior to other available methods for the fair and efficient adjudication of this case for the following reasons set forth below.

  a. This class action will allow individuals to prosecute a lawsuit against the Defendant, where the individual class members lack the fiscal resources to do so.

  b. This class action will serve the large number of members to prosecute their common claims in a single forum simultaneously and efficiently.

  c. This class action serves to streamline the judicial process where the losses, injuries and damages of the individual class members are small individually.

  d. The class action would further reduce the risks inherent of inconsistent claims and varying adjudications which ultimately result in hindering class member's rights and interests because of other actions that they were not a party to.

  e. The issues presented in this action can effectively be decided by means of common class-wide proof, streamlining the discovery process and an effective use of both the counsel for the plaintiffs and the defense.

43. Common questions of law and fact that are Common to all individual CLASS members.

  f. Whether the Plaintiffs and CLASS were employed by the Defendant within the meaning of the FLSA and NRS.

  g. Whether the Defendant illegally withheld tips.

  h. What are the policies, practices, and procedures of the Defendants that resulted in the Plaintiffs paying managers in order to keep their jobs.

  i. Whether the Defendant employed a policy of retaining a portion of the Plaintiffs' and CLASS member tips for supplementing the manager's income.

  j. Whether Defendant misappropriated Plaintiffs' tips and the CLASS tips by distributing a portion of them to tip ineligible workers at the LIGHT GROUP in clear violation of the FLSA and the NRS.

44. Defendant LIGHT GROUP retained a portion of the Plaintiffs' and the CLASS' tips.

45. Defendant LIGHT GROUP reported the tips for tax purposes, and are not services charges as found in 29 C.F.R. § 531.52; 531.55.

46. Defendant LIGHT GROUP is an employer and not permitted to take tips from a tip pool pursuant to 29 U.S.C. § 203(m).

…

…

…

…

…

## FIRST CLAIM FOR RELIEF

### (The Illegal Retention of Tips by the Employer)

47. Plaintiffs, on behalf of themselves and the CLASS, re-allege and incorporate by reference all preceding paragraphs, 1-46, as if they were set forth herein.

48. At all relevant times, the Defendant LIGHT GROUP has been, and continues to be, an employer engaged in interstate commerce within the meaning of FLSA, 29 U.S.C. § 203.

49. Defendant LIGHT GROUP has at all relevant times, employed employees as defined in the FLSA, including but not limited to the Plaintiffs and the members of the CLASS.

50. Defendant LIGHT GROUP was required to pay the Plaintiffs and the CLASS directly for the hours worked.

51. Plaintiffs and members of the CLASS are tipped employees within the meaning of 29 U.S.C. § 203(t).

52. The Managers for Defendant LIGHT GROUP are employers pursuant to 29 U.S.C. § 203 and are precluded under the same statute and NRS § 608.160 from participating in any tip pool.

53. Upon information and belief, Defendant unlawfully retained portions of the tips received by Plaintiffs and the CLASS in violation of FLSA, 29 U.S.C § 203(m) and NRS § 608.160 to supplement the income of the employer.

54. Plaintiffs, on behalf of themselves and the members of the CLASS, seek damages in that amount of their respective unpaid compensation provided by the FLSA for minimum wage violations, taking of tips, attorneys' fees and costs, and such other legal and equitable relief.

55. Defendant's actions were willful, malicious and in reckless disregard of Plaintiffs' rights.

…

…

…

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For compensatory damages in excess of thirty-three thousand and five hundred dollars ($33,500);

2. For attorney fees and costs of suit incurred herein;

3. Treble and/or liquidated damages pursuant to the FLSA; and

4. For such other and further relief as may be just and reasonable.

DATED this 23rd day of July, 2015.

PARKER | SCHEER LAGOMARSINO

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
REBEKAH L. RINI, ESQ. (#10855)
9555 South Eastern Avenue, Suite 210
Las Vegas, Nevada 89123
*Attorney for Plaintiffs*

### DEMAND FOR JURY TRIAL

Plaintiffs, by and through their undersigned attorney, hereby demand a jury trial of all issues in the above-referenced matter.

DATED this 23rd day of July, 2015.

PARKER | SCHEER LAGOMARSINO

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
REBEKAH L. RINI, ESQ. (#10855)
9555 South Eastern Avenue, Suite 210
Las Vegas, Nevada 89123
*Attorney for Plaintiff*