UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER JOHNSON et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HAKKASAN HOLDINGS LLC, ) <br> ) <br> Defendant. ) | 2:15-cv-01410-RCJ-NJK <br><br> ORDER |

This class action arises out of an employer's tip pooling practices. Pending before the Court is a Motion to Dismiss (ECF No. 8). For the reasons given herein, the Court grants the motion, with leave to amend.

I.  **FACTS AND PROCEDURAL HISTORY**

Plaintiff Christopher Johnson is employed as a busser by Defendant Hakkasan Holdings LLC, formerly known as Light Group, LLC, and doing business as Light Nightclub, which is located in the Mandalay Bay Resort and Casino in Las Vegas. (Compl. ¶¶ 7, 18, ECF No. 1). He worked in that position from November 2008 until approximately June 2010 and from November 2011 to date. (*See id.* ¶¶ 7–8). Plaintiff Sam Carrillo has been a busser for Defendant since February 2012. (*Id.* ¶¶ 11). Defendant operates a tip pool as to Plaintiffs' tips and permits managers to participate in the pool. (*See id.* ¶¶ 28–30).

Plaintiffs have sued Defendant in this Court based on the tip-sharing arrangement. Although only a single nominal cause of action is listed in the Complaint, Plaintiffs appear in substance to assert two claims: (1) violation of the Fair Labor Standards Act ("FLSA"); and (2) violation of Nevada Revised Statutes section ("NRS") 608.160. Defendant has moved to dismiss.

**II.     LEGAL STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

1  "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)

2  ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3  draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is,

4  under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a

5  cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the

6  court can determine whether the plaintiff has any basis for relief under the legal theory he has

7  specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put

8  differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and

9  conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor

10  premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and

11  that liability necessarily follows therefrom, assuming the allegations are true.

12       "Generally, a district court may not consider any material beyond the pleadings in ruling

13  on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

14  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

15  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

16  whose contents are alleged in a complaint and whose authenticity no party questions, but which

17  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

18  motion to dismiss" without converting the motion to dismiss into a motion for summary

19  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

20  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

21  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

22  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. ANALYSIS

There is no private cause of action to enforce NRS 608.160. *Baldonado v. Wynn*, 194 P.3d 96, 100–05 (Nev. 2008). Plaintiffs have conceded this in response and have disclaimed any intent to bring such a claim. Plaintiffs explain in response that they only cited to NRS 608.160 to support their argument that the tip pool was invalid under the FLSA. The state statute flatly prohibits the taking of any part of an employee's tips (except to be redistributed amongst employees according to a voluntary tip-sharing agreement) or the use of tips as a credit against the state minimum wage. *See* Nev. Rev. Stat. § 608.160. The FLSA, however, as Defendant correctly notes in reply, does not incorporate state labor laws.

The Court dismisses the FLSA claim, with leave to amend. Plaintiffs allege that the tip pool violates 29 U.S.C. § 203(m), as interpreted by the Department of Labor via 29 C.F.R. § 531.54. This Court has rejected that argument in the past, agreeing with a reported decision from the District of Oregon that the Department of Labor countermanded rather than interpreted the statute when it amended the relevant regulations in 2011. *See Cesarz v. Wynn Las Vegas, LLC*, No. 2:13-cv-109, 2014 WL 117579 (D. Nev. Jan. 10, 2014) (Jones, J.) (citing *Or. Rest. & Lodging v. Solis*, 948 F. Supp. 2d 1217 (D. Or. 2013)). Where there is an explicit understanding of a tip-sharing arrangement and the employee is paid the minimum wage before tips, 29 U.S.C. § 203(m) is not violated. *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 580–82 (9th Cir. 2010). Only if an employer must count tips to make the minimum wage is tip sharing potentially problematic under the statute. *Id.* at 580–81. *Cesarz* and *Oregon Restaurant & Lodging* are on

consolidated appeal, but the only court of appeals to rule on the issue to date has followed those cases. *See Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 448 (4th Cir. 2015).

Here, Plaintiffs have alleged that their tip-sharing arrangement is involuntary, but contrary to their arguments in response, they have not alleged in the Complaint that there was no explicit understanding of the tip-sharing arrangement (the relevant inquiry), and they imply that there was when they allege that Defendant "[based tip calculations on] gross sales receipts of the employee, regardless of whether the employee was [actually] tipped . . . ." (Compl. ¶ 30). It requires an explicit understanding of the tip-sharing policy to make that allegation. It is possible that Plaintiffs only recently noticed that their pay was being adjusted up or down based on tip-sharing, and that they only then investigated and discovered the tip-sharing policy. The Court will therefore give leave to amend to allege facts as to when Defendant began redistributing tips and when Defendant first informed Plaintiffs of the policy.

Plaintiffs also have not alleged that they are paid less than the minimum wage before tips. Absent such an allegation, and assuming Plaintiffs had notice of the tip-sharing policy, the FLSA claim necessarily fails regardless of whether non-customarily-tipped employees such as managers participate in the tip pool. *Cumbie*, 596 F.3d at 581 ("[W]e cannot reconcile this interpretation [that tip pools are only allowed as between customarily tipped employees even if no tip credit is taken] with the plain text of [§ 203(m)], which imposes *conditions* on taking a tip credit and does not state freestanding *requirements* pertaining to all tipped employees. A statute that provides that a person must do *X in order to achieve Y* does not mandate that a person must do *X*, period. . . . Here, there is no question that [the employer's] tip pool included non-customarily tipped employees, and that [the employee] did not retain all of her tips because of her participation in the pool. Accordingly, [the employer] was not entitled to take a tip credit,

nor did it."). The Court will give Plaintiffs leave to amend the FLSA claim to allege that Defendant did not pay the federal minimum wage before tips during the relevant time periods.

The Court rejects Defendant's argument that amendment is futile because Plaintiffs cannot allege they were not paid the minimum wage before tips. Defendant does not explain why it believes Plaintiffs cannot allege such facts apart from its implicit claim that Plaintiffs were in fact paid the minimum wage before tips. That may be true in reality, but American legal epistemology is procedural, not practical. Under the Federal Rules of Civil Procedure, a Court determines neither dismissal nor permission to amend based on evidence of facts but only on allegations of facts, and Plaintiffs must be given an opportunity to allege the relevant facts regardless of the Court's estimation of the practical likelihood that the relevant facts are true.

In summary, Plaintiffs must allege upon amendment that their tips were being taken before Defendant informed them of the tip-sharing policy and/or that they did not make the federal minimum wage before tips. The Court will not dismiss based on arbitration requirements that Defendant argues apply, because no such requirements appear on the face of the Complaint or any document attached thereto. Nor will the Court dismiss based on Defendant's argument that it has no successor liability from Light Group, LLC. Plaintiffs have sufficiently alleged in at least two places in the Complaint that Light Group, LLC is simply Defendant's former name. (*See* Compl. 1, 2 (naming and referring to Defendant "Hakkasan Holdings LLC f/k/a Light Group, LLC")). In any case, Plaintiffs appear to allege that the violation is ongoing and therefore that at least some portion of the violation has occurred under Defendant's operation/ownership of the Light Nightclub even if it was formerly owned or operated by Light Group, LLC with no successor liability. Those issues are for summary judgment or trial.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED, with leave to amend.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge